Filed 8/23/24  P. v. Madrid CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO MADRID,<br><br>    Defendant and Appellant. | D082585<br><br><br><br>(Super. Ct. No. SCD103805) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Christine Y. Friedman, Felicity Senoski and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Antonio Madrid appeals from an order denying his petition for resentencing on a 1994 first degree murder conviction under Penal Code

section 1172.6.[1]  We affirm the order because the jury found that he was the actual killer of the victim and that he acted with intent to kill.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Charges*

In 1994, Madrid and codefendant, Maria Isabel Flores, were charged with the murder, torture and robbery of Tracy Foose, the victim.  A juvenile codefendant was charged separately.  The charges included an allegation of a special circumstance under section 190.2 subdivision (a)(18), namely that the murder was intentional and involved the infliction of torture.

At trial, in addition to an instruction for premeditated murder, the jury was instructed under a felony-murder theory of liability for first degree murder, specifically that a killing "which occurs during the commission of the crime of robbery or torture is murder of the first degree when the perpetrator had the specific intent to commit such crime."  The court also instructed the jury as to felony murder by means of aiding and abetting robbery or torture, i.e., that the defendant is guilty of first degree murder, "whether the killing is intentional, unintentional or accidental," if the defendant acted with knowledge of the unlawful purpose of the perpetrator of the crime of robbery or torture "and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid[s], promote[s] encourage[s] or instigate[s] by act or advice its commission."

As to the special circumstance of murder involving infliction of torture, the jury was instructed that the prosecution was required to prove "[t]he

---

[1]    Penal Code section 1172.6 was originally enacted as Penal Code section 1170.95, but then renumbered as section 1172.6 on June 30, 2022. (See Stats. 2022, ch. 58, § 10 (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion.  All further statutory references are to the Penal Code.

defendant intended to kill, or with intent to kill, aided and abetted in the killing of a human being"; and "[t]he defendant intended to inflict extreme cruel physical pain and suffering upon a living human being for the purpose of revenge, extortion, persuasion or for any sadistic purpose." The jury was further instructed that it could not find the special circumstance to be true if the defendant was not the actual killer unless the jury found beyond a reasonable doubt "that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of the murder in the first degree."

Madrid was convicted of first degree murder, torture and robbery. The jury also found true that "the murder of [Foose] was committed by [Madrid] and that the murder was intentional and involved the infliction of torture." At the penalty phase, the jury rendered a verdict of death. The court granted Madrid's motion for reconsideration of the death verdict and sentenced Madrid to life without the possibility of parole.

### Direct Appeal

We affirmed the judgment on direct appeal. (*People v. Madrid* (Sept. 2, 1998, D027715 [nonpub. opn.].) Our court concluded that the trial court erred in instructing the jury that first degree felony murder could be premised on an underlying felony of torture, but affirmed the conviction because the jury necessarily premised the murder conviction on the underlying felony of robbery, a proper basis, and the erroneous instruction was not prejudicial under *People v. Guiton* (1993) 4 Cal.4th 1116.

### Section 1172.6 Petition and Ruling

In January 2023, Madrid filed a petition for resentencing under section 1172.6, alleging that he was eligible for relief under amendments to the law made by Senate Bill No. 775 (2021-2022 Reg. Sess.). He alleged that the charges allowed for his prosecution "under a theory of felony murder, murder

under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime."  The court appointed counsel to represent him.

At the hearing on the petition, the court denied Madrid's petition, stating:

> "The court record establishes that petitioner is not eligible for relief as a matter of law. The verdict establishes petitioner personally used a weapon during the murder and intentionally killed the victim during infliction of torture. Petitioner has not established a prima facie showing that he is entitled to relief. The court record shows petitioner was not convicted of murder under a theory set forth in Penal Code Section 1172.6(a), thus petitioner is ineligible for relief/resentencing as a matter of law."

## DISCUSSION

The sole issue before us is whether the trial court erred by denying the section 1172.6 petition at the prima facie stage.   We independently review an order denying section 1172.6 relief at the prima facie stage.   (*People v. Patton* (2023) 89 Cal.App.5th 649, 656.)

### A.     We Grant Respondent's Request for Judicial Notice

Respondent requests that we take judicial notice of the court's unpublished opinion and the court's own records contained within our case files for the direct appeal in *People v. Madrid*, *supra*, D027715.  We agree that certain of the underlying records may be helpful in the resolution of the instant appeal, and therefore we grant respondent's request.

### B.     Governing Law

Effective January 1, 2019, Senate Bill No. 1437 significantly limited the scope of California's felony murder rule and eliminated liability for murder under the natural and probable consequences doctrine through two key provisions.   (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Strong* (2022)

4

13 Cal.5th 698, 707–708 (*Strong*).)  First, Senate Bill No. 1437 amended section 189 so that "[d]efendants who were neither actual killers nor acted with the intent to kill can be held liable for [felony] murder only if  they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life.' " (*Strong*, at p. 708, quoting § 189, subd. (e)(3).)  Second, it amended section 188 to provide that, when the felony-murder rule does not apply, a principal in the crime of murder can only be convicted where he or she acted "with malice aforethought," and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); see *People v. Gentile* (2020) 10 Cal.5th at pp. 842–843.)

Under section 1172.6, subd. (a), a defendant who could not have been convicted under current law may petition the sentencing court to vacate their murder conviction and resentence them on any remaining counts.  The process begins with the filing of a petition containing a declaration that all requirements for eligibility are met.  (See § 1172.6, subd. (b)(1)).  If the defendant's petition is facially valid, the trial court is permitted to examine the record of conviction after appointing counsel to assess whether it conclusively refutes the petitioner's claim of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.)  Under section 1172.6, subdivision (c), the court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law.  (*Lewis*, at pp. 960, 971.)  Otherwise, the court must issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d) to determine whether

5

to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (*Lewis,* at p. 960.)[2]

One of the requirements for the prima facie showing is that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Accordingly, a court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257–1258; *People v. Harden* (2022) 81 Cal.App.5th 45, 47–48, 59–60.)

## C. The Record Establishes as a Matter of Law that Madrid is Ineligible for Relief

The trial court denied Madrid's petition at the prima facie stage. Madrid argues that he is eligible for relief because the jury was instructed on aiding and abetting, which created an ambiguity in which it was possible that the jury convicted him based only on an intention to aid and abet torture, a non-murderous crime. As Madrid notes, section 189 subdivision (e) provides that a participant in a murder that is committed in the course of a robbery is liable for murder only if the person was the actual killer; or with intent to kill aided and abetted the actual killer, or if the person was a major participant in the felony and acted with reckless indifference to human life. Madrid argues that looking only at the instruction for felony murder given to Madrid's jury, the jury could have found Madrid guilty of first degree murder if it found that he aided and abetted a robbery with the intent of facilitating or encouraging the robbery,

---

2 If the case proceeds to an evidentiary hearing, the burden is "on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under California law as amended by Senate Bill No. 1437. (§ 1172.6, subd. (d).)

"whether the killing is intentional, unintentional or accidental." Madrid contends that this instruction falls short of the requirements of the newly enacted requirements for felony murder culpability as set forth in section 189 subdivision (e).

However, in this case, beyond the instructions for first degree murder, the jury was further instructed that, to arrive at the true finding of the special circumstance of intentional murder with infliction of torture (section 190.2 subdivision (a)(18)), if it did not find that Madrid was the actual killer, it had to find that Madrid "intended to kill, or with intent to kill, aided and abetted in the killing of a human being"; and that "with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of the murder in the first degree." This finding satisfies section 189 subdivision (e) (2) ("with intent to kill aided and abetted the actual killer.")

The verdict form establishes that the jury went beyond a finding that Madrid aided and abetted the murder of Foose. The jury found true that "the murder of [Foose] *was committed by* [*Madrid*] and that the *murder was intentional* and involved the infliction of torture."

Accordingly, it cannot be said that the jury convicted Madrid of first degree murder by imputing malice to him "based solely on [his] participation in a crime." (§ 1172.6, subd. (a).) Instead, the jury specifically found true that Madrid intentionally murdered Foose.

Madrid argues that because his trial predated the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 [clarifying the meaning of "major participant"]; and *People v. Clark* (2016) 63 Cal.4th 522 [clarifying the meaning of "reckless indifference to human life"], the jury's special circumstance finding "does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current

7

understanding of the major participant and reckless indifference requirements." (See *Strong, supra,* 13 Cal.5th at p. 721.)

However, in *Strong*, the jury's special circumstances finding was based on a finding that the defendant was a major participant in an underlying felony who acted with reckless indifference to human life. (*Strong, supra,* 13 Cal.5th at p. 705.) In contrast, Madrid's jury found beyond a reasonable doubt that Madrid committed the murder and that the murder was intentional. His culpability was not based on the theory relied upon in *Strong*, and accordingly, this argument fails.

## DISPOSITION

The order denying the petition is affirmed.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

RUBIN, J.